**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50330 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00689-PA-1 |
| v. | |
| JESUS JORGE FLORES-RAMIREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 4, 2017[**]
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Defendant Jesus Jorge Flores-Ramirez appeals his convictions of conspiracy

to distribute cocaine under 21 U.S.C. § 846, and distribution of cocaine under 21

U.S.C. § 841(a)(1), (b)(1)(A)(ii), and his sentence. We affirm the conviction but

remand for resentencing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1. Even assuming that the district court erred by admitting Defendant's confession, any error was harmless because the evidence of guilt was overwhelming. United States v. Butler, 249 F.3d 1094, 1101 (9th Cir. 2001). Among other things, Special Agent Baker identified Defendant at trial as the individual who delivered cocaine to him. Baker also testified that he and Defendant identified one another through code names and the serial number on a dollar bill. Baker and the other government agents communicated, through an encrypted Blackberry, with an intermediary in arranging Defendant's delivery. Photographs and an audio recording captured the transaction.

2. The district court did not err in denying Defendant safety-valve relief under Federal Rule of Criminal Procedure 32 on the ground that Defendant had not truthfully provided to the government all the information that he had concerning the drug delivery. See United States v. Carter, 219 F.3d 863, 866 (9th Cir. 2000) (stating that compliance with Rule 32 is reviewed de novo); United States v. Real-Hernandez, 90 F.3d 356, 362 (9th Cir. 1996) (concluding that the defendant must provide truthfully all information he had concerning his offense to qualify for safety-valve relief). The court previously found that Defendant had lied about not knowing at the time of delivery that the boxes contained drugs and about his use of code words and countersurveillance driving techniques, among other things. The

2

court found it implausible that, if Defendant were telling the truth, he could have been entrusted with so large a quantity of drugs. The court referenced those findings in denying safety-valve relief.

3. The district court did not clearly err in denying Defendant a downward adjustment for acceptance of responsibility on the ground that Defendant denied significant aspects of his criminal conduct. United States v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000). The court recognized that it could grant an adjustment even though Defendant had gone to trial, but it denied the adjustment because it found, among other things, that Defendant lied about the timing of his knowledge that he was delivering cocaine.

4. In light of United States v. Quintero-Leyva, 823 F.3d 519, 524 (9th Cir. 2016), the parties agree that remand to the district court is appropriate so that it can consider the newly enunciated factors for a minor role reduction under Amendment 794 to U.S.S.G § 3B1.2. Though the Amendment was not in effect at the time of Defendant's sentencing, it applies retroactively. Id. This issue need not be remanded to a different district court judge because the circumstances here are not unusual. United States v. Waknine, 543 F.3d 546, 559–60 (9th Cir. 2008).

**Conviction AFFIRMED; sentence VACATED and REMANDED for resentencing.**